HON. ZENON LABAUVE,  
HON. JOHN H. ILSLEY,  
HON. R. K. HOWELL,  
HON. R. B. JONES.  
} *Associate Justices.*

### MARGARET HAUGHERY *v.* JOHN M. LEE.

The law requires the proof of sale of immovable property to be in writing; but when actual delivery has been made, a verbal sale or other disposition of such property may be proved by interrogatories propounded to either vendor or vendee, the reply to which would be a confession of title. No other kind of questions are permitted.

Answers to interrogatories are not required to be made in any peculiar set phrases, so that they are responsive.

APPEAL from the Fifth District Court of New Orleans, *Howell,* (acting) J.

*Durant & Hornor,* for Plaintiff. *Whitaker, Fellows & Mills,* for defendant and appellant.

HYMAN, C J. This is a petitory action, instituted by plaintiff, to recover of defendant certain immovable property in the city of New Orleans.

Defendant, in his answer, admitted possession of the property, and that the title thereof was in the name of the plaintiff; but alleged that it was bought and paid for by him.

He asked for judgment, decreeing him to be the owner, and that plaintiff be ordered to answer, under oath, certain interrogatories, on facts and articles, annexed to his answers.

The lower court rendered judgment, decreeing and ordering defendant to deliver the property to plaintiff, and to pay costs of suit.

From this judgment defendant has appealed.

Defendant contends that the following interrogatories, propounded by him to plaintiff, and answered by plaintiff, under oath, by order of the

HAUGHERY
*v.*
LEE.

court, should be taken as confessed by plaintiff—the answers not being responsive to the questions :

1st. "Was not the property described in the act of the 14th May, 1860, before M. Gernon, bought by defendant, John M. Lee, for his sole use and benefit ?"

Answer.—"It was bought for my benefit."

2d. "Did you not permit the use of your name, in said act, for that purpose ?"

Reply.—"It was for my benefit."

These answers are not evasive, but responsive to the questions.

If the plaintiff's name was used for her benefit, in the purchase of the property, and it was bought for her benefit, it is impossible that the property could have been bought for the sole use and benefit of defendant or that her name used in the purchase, could have been for his benefit.

The law does not require the answers to interrogatories to be made in any peculiar set phrases.

After plaintiff had answered the interrogatories annexed to defendant's answer, defendant propounded other interrogatories to plaintiff.

Plaintiff objected to answering these interrogatories, because they were in conflict with the article 2255 of the Civil Code ; and because the plaintiff having been interrogated, as to the verbal agreement, for the transfer of the real estate in question, had denied the existence of any such agreement, which denial was conclusive.

The court sustained plaintiff's objection, and refused to order the interrogatories to be answered. To this ruling of the court defendant objected, and filed a bill of exceptions.

The law requires the proof of sale of immovable property to be in writing; but when actual delivery has been made, a verbal sale or other disposition of immovable property, may be proved by interrogatories propounded to either vendor or vendee, the reply to which would be a confession of title. See Civil Code, Art. 2255.

No other kind of questions is permitted by this article.

The reply to the questions : Whether she (plaintiff) had paid anything for the property in dispute ? Whose money paid for it ? Whether she had not told others that the property belonged to defendant, and that she would make him a title to the property when he desired it ? (which were the questions asked) would not be a confession of title, but an acknowledgment of what she had not done, what others had done, and what she had said.

The replies to the questions might possibly establish title in defendant, not by confession of title, when interrogated on oath, as required by the article cited, but by acknowledgment of a verbal statement, formerly made by her.

Judgment affirmed, with costs.

Judge HOWELL, having tried this cause in the lower court, took no part in this decision.